# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
*********************************
YVONNE HARRIS, as Mother         *   No. 10-322V
and Natural Guardian of          *   Special Master Christian J. Moran
KHONSTINCE COUCH, a Minor,       *
                                 *
           Petitioner,           *
                                 *
v.                               *   Filed: April 14, 2015
                                 *
SECRETARY OF HEALTH              *   Attorneys' fees and costs; award
AND HUMAN SERVICES,              *   in the amount to which
                                 *   respondent does not object.
           Respondent.           *
* * * * * * * * * * * * * * * * * *
```

Michael A. London, Douglas & London, P.C., New York, NY, for petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION ON FEES AND COSTS[1]

On April 14, 2015, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $126,000.00, an amount to which respondent does not object. The Court awards this amount.

On May 26, 2010, Yvonne Harris filed a petition for compensation on behalf of her daughter, Khonstince Couch, alleging that the human papillomavirus ("HPV") vaccinations Khonstince received on May 30, 2007, and August 1, 2007, caused her to suffer systemic lupus erythematosus ("SLE"). Ms. Harris was denied compensation. Decision, 2014 WL 3159377 (Fed. Cl. Spec. Mstr. June 10, 2014),

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

mot. for rev. denied, No. 10-322V (Fed. Cl. Sept. 23, 2014), appeal dismissed per curiam, No. 15-5033 (Fed. Cir. Jan. 13, 2015).

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner gathered and filed medical records, obtained expert opinion evidence, participated in a three day evidentiary hearing for which he prepared prehearing and posthearing briefs.  Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks a total of **$126,000.00**, in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner states that she incurred no out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $126,000.00, in the form of a check made payable to petitioner and petitioner's attorney, Michael A. London, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran  
Christian J. Moran  
Special Master